# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID E. KEITH, III, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 3:14-cv-02261 |
| v. | ) Judge Trauger / Knowles |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

On February 23, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 17), to which the plaintiff, David E. Keith, III ("Keith") has filed timely Objections (Docket No. 18), and the defendant has filed a Response (Docket No. 19). The R&R recommends that the plaintiff's Motion for Judgment on the Record (Docket No. 14) be denied and the decision of the Social Security Administration ("SSA") with respect to the plaintiff's claim for disability benefits be affirmed. For the reasons discussed herein, the court will overrule the plaintiff's Objections and accept the R&R.

## BACKGROUND[1]

On June 13, 2011, Keith filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging that he had been disabled since February 28, 2009, due

---

[1] The background is taken from the R&R, familiarity with which is presumed. The R&R provides a detailed background of this matter, including a summary of the record before the ALJ. The court recites here only the facts necessary to review the plaintiff's Objections.

1

to a benign spinal cord tumor. (Docket No. 10 (hereinafter "AR"), pp. 116-19, 120-26, 140.)
Keith's applications were denied both initially (*id.* at pp. 56, 57) and upon reconsideration (*id.* at pp. 58, 59). Keith subsequently requested (*id.* at pp. 76-77) and received (*id.* at pp. 26-55) a hearing. Keith's hearing was conducted on June 19, 2013 by Administrative Law Judge ("ALJ") Renee Andrews-Turner. (*Id.* at pp. 26-55.) Keith and a vocational expert appeared and testified. (*Id.*)

On August 20, 2013, the ALJ issued a decision unfavorable to Keith, finding that Keith was not disabled within the meaning of the Social Security Act and Regulations. (*Id.* at pp. 10-25.) As the Magistrate Judge summarized, the ALJ's decision contained the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since February 28, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairment: status post cervical ependymoma, cervical spondylosis and cervical syrinx (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk for 2 hours in an 8-hour workday; sit for 6 hours in an 8-hr [*sic*] workday; occasionally stoop, kneel, crouch, crawl, balance and climb ramps/stairs; never climb ladders, ropes and scaffolds; frequently push and pull with both lower extremities; should avoid all exposure to hazards;

|   |   |
|---|---|
|   | and requires the use of a cane to ambulate. |
| 6. | The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). |
| 7. | The claimant was born on January 8, 1973 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963). |
| 8. | The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964). |
| 9. | Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a). |
| 11. | The claimant has not been under a disability, as defined in the Social Security Act, from February 28, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |

(AR 15-20.)

On August 30, 2013, Keith timely filed a request for review of the hearing decision. (*Id.* at 9.) On September 23, 2014, the Appeals Council issued a letter declining to review the case (*Id.* at pp. 1-6), thereby rendering the decision of the ALJ the "final decision" of the Commissioner.

Keith filed this civil action on November 14, 2014. (Docket No. 1.) The SSA answered

the Complaint on January 15, 2015. (Docket No. 9.) On February 26, 2015, Keith filed a Motion for Judgment on the Record (Docket Nos. 14), which the SSA opposed (Docket No. 16).

On February 23, 2016, the Magistrate Judge issued the R&R, which recommended that Keith's Motion for Judgment on the Record be denied and that the decision of the SSA be affirmed. (Docket No. 17.) Keith filed timely Objections to the R&R on March 6, 2016. (Docket No. 18.) The SSA opposed the plaintiff's Objections on March 9, 2016.[2] (Docket No. 19.)

## ANALYSIS

### I. Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, thereby, entitled to benefits. 42 U.S.C. § 405(h). Review of an ALJ's decision, if any, is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Key v.*

---

[2] The SSA's opposition merely incorporated by reference its prior Response to the Motion for Judgment on the Record. (*See* Docket No. 19.)

*Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)). Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (citing *Callahan*, 109 F.3d at 273).

## II. <u>Keith's Objections</u>

### A. Mental Health

Keith objects to the R&R on the grounds that the Magistrate Judge erroneously concluded that his "mental impairment" was not offered as a basis for disability and that the R&R improperly dismisses the ALJ's need to address evidence related to that impairment. Keith concedes, as the R&R indicates, that he did not allege a mental impairment as a basis of disability when he filed his application. However, Keith maintains that his condition worsened over time and that evidence of his mental impairment was put before the ALJ, but not properly considered by her, at the time of the hearing. The SSA responds that Keith was only hospitalized for five days in May 2012 for a single episode of severe depression *due to* pain and function loss (*see* AR, pp. 781-84, 905-90) and that Keith did not establish an independent mental impairment that caused functional limitations for a period of 12 months as required by the

Regulations, *see* 20 C.F.R. §§ 404.1505(a), 416.905(a).

The court agrees with the SSA. When he applied for disability in June 2011, Keith claimed that he could not work due entirely to a spinal condition, without mentioning any mental impairment. (AR, p. 140.) In July 2011 and January 2012 function reports, he articulated no limitations related to a mental impairment. (*Id*. at pp. 159-61, 177-78.) Specifically, he indicated that his impairments did not affect his memory, concentration, understanding, ability to pay attention, ability to follow instructions, or ability to get along with others. (*Id*. at pp. 159-60, 177-78.) He did check a box indicating that he had "unusual behavior or fears," but the only fears he articulated involved "fear of the unknown" and a concern that his physical condition might never improve. (*Id*. at pp. 160, 178.) And at the hearing in April 2013, Keith testified that he "got depressed" over his physical condition, but he did *not* explain how any mental impairment *affected his ability to work* other than to say that he was upset "where I'm not able to do what I used to do, you know, and be a provider because that's what I've always been. And I think I just let it get the best of me." (*Id*. at p. 35.) There was no further discussion offered by Keith. Accordingly, the Magistrate Judge correctly found that the ALJ did not err by not discussing Keith's mental functioning in her decision.

B.  **Treating Physicians**

Keith next contends that the Magistrate Judge failed to fully address his argument that the ALJ improperly evaluated the medical opinion evidence of record. Specifically, Keith argues that, even if the ALJ did not afford "controlling" weight, the ALJ should have accorded "greater" weight to the opinions of VA treating physicians Dr. Yemane Hadgu and Dr. John Matlock (who Keith believes opined that the plaintiff was disabled) than to the opinion of an

agency consultant, Dr. Evelyn Davis (who opined that plaintiff was not disabled), because Dr. Davis rendered her opinion after a review of the evidence available on January 12, 2012, which did not include (1) certain evidence from Dr. Matlock of the VA Spinal Cord Injury Clinic (AR, pp. 616-19), (2) VA records after October 27, 2011 (*id*. at pp. 638-1153), and (3) Vanderbilt records after July 19, 2011 (*id*. at pp. 628-37). Keith argues that the ALJ's decision to afford greater weight to the opinion of a non-treating, non-examining consultant, who only reviewed part of the medical evidence, than to the opinions of two of his treating physicians was not supported by substantial evidence.

    The SSA responds that the ALJ properly evaluated all of the evidence of record, including the objective medical records, the opinion evidence, the testimonial evidence, and Keith's subjective complaints and reported daily activities. (Docket No. 16, pp. 4-14 (citing AR, pp. 17-19).) Regarding the ALJ's consideration of the opinion of treating physician Dr. Matlock, the SSA asserts that, although Dr. Matlock checked boxes indicating, *inter alia*, that Keith would have difficulty working continuously for eight hours without several intermittent periods of rest, (1) the exertional limitations assessed by Dr. Matlock were roughly consistent with the exertional requirements of sedentary work; (2) the postural limitations assessed by Dr. Matlock were consistent with those contained in the ALJ's residual functional capacity determination; and (3) the ALJ did not have to accept Dr. Matlock's opinion that Keith would be unable to complete a normal work day and work week without interruption from his medical impairments, because Keith's impairments had improved with treatment and the ALJ limited Keith to jobs where there was only occasional walking and where use of a cane was permissible. (*Id.* at pp. 10-11.) The SSA argues that the ALJ appropriately found that Dr. Davis' opinion that Keith

7

could perform sedentary work with occasional postural activities and frequent use of a cane was generally consistent with the medical record and properly explained her reasons for so finding. (*Id.* at p. 9.)

The ALJ must articulate the reasons underlying her decision to give a medical opinion a specific amount of weight. *See, e.g.,* 20 C.F.R. § 404.1527(d); *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-47 (6th Cir. 2004). The reasons must be supported by the evidence and must be sufficiently specific so as to make clear to any subsequent reviewers the weight the ALJ gave to the treating source medical opinion and the reasons for that weight. SSR 96-2p, 1996 WL 374188 (July 2, 1996) (hereinafter "SSR 96-2p"). The Code of Federal Regulations states that a treating source's expert medical opinion is generally entitled to "controlling" weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c). The Sixth Circuit has held that, "provided that they are based on sufficient medical data, the medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

The ALJ in the instant action discussed the medical opinions of record, and the weight she accorded thereto, as follows:

> As for the opinion evidence, the undersigned gives great weight to
> the opinion of State agency medical consultant Dr. Evelyn Davis.
> Dr. Davis reviewed the evidence and opined that the claimant was
> capable of sedentary exertional activities with additional
> exertional, postural, and environmental limitations. Dr. Davis was
> also of the opinion that the claimant would be more comfortable
> using a cane for balance. The undersigned finds Dr. Davis'
> opinion generally consistent with the claimant's history of back
> surgery, pre-and post-surgical radiology reports of the claimant's
> cervical and thoracic spine, physical examinations of the claimant
> that demonstrated some sensory changes on occasion, and the
> claimant's reported activities of daily living, all of which support
> his ability for sedentary activities. Dr. Davis' assessment also
> indicated that the claimant's subjective reports of pain, weakness,
> and numbness in the extremities appeared somewhat embellished. Dr.
> Davis pointed out that the claimant's subjective complaints of pain
> and weakness were inconsistent with his treating physicians' physical
> findings (Ex. 11F). Thus, the undersigned finds the claimant's
> allegations of pain is not totally credible because the medical
> evidence shows the diagnostic findings such as MRI reports do not
> cause the level of pain that the claimant has alleged. Although overly
> optimistic in many areas in considering physical examinations of the
> claimant and the claimant's activities of daily living, as previously
> discussed above, the undersigned gives some weight to the opinion
> of the claimant's treating physician Dr. John Matlock (Ex. 13F) in
> that it supports the contention that the claimant has the capacity for
> sedentary activities. . . . The undersigned gives no weight to the
> opinion of the claimant's treating physician Dr. Yemane Hadgu
> because there is no evidence to support the presence of residual
> effects of loss of balance and motor power in the claimant's lower
> extremities. While the claimant has complained of balance issues to
> doctors, there is no evidence that the claimant is unable to ambulate
> effectively. The claimant has 5/5 muscle strength in the lower
> extremities and has been consistently thought to be neurologically
> intact (Ex. 4F). The claimant's deep vein thrombosis resolved with
> no evidence of recurrent episodes.

(AR 18-19.) In making these determinations, that ALJ also considered the medical evidence of record, discussed at length in the R&R. (AR 16-18.) It is clear from this discussion that the ALJ found medical evidence of record that supported Dr. Davis's opinion and undermined that of the treating physicians Dr. Matlock and Dr. Hegdu. The court agrees that such evidence

9

existed.

It is correct, as the Magistrate Judge concluded, that the Regulations do not mandate that the ALJ give "controlling" weight to a treating physician's evaluation when that evaluation is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 416.927(d)(2), 404.1527(d)(2). Instead, when there is contradictory evidence, the treating physician's opinion is weighed against the contradictory evidence. *Id.* When the opinions are inconsistent with each other, the final decision regarding the weight to be given to the differing opinions lies with the Commissioner. 20 C.F.R. § 416.927(e)(2); *see also Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("In a battle of the experts, the agency decides who wins."). An ALJ is entitled to reject the opinion of a treating physician as long as she articulates some basis for doing so. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

However, it is also correct that the Magistrate Judge failed to address Keith's argument that his two treating physicians should be afforded "greater," rather than "controlling," weight *vis a vis* Dr. Davis. An opinion from a treating source may not be entitled to controlling weight but might still be entitled to greater weight, if the opinion of a non-examining expert does not comprise substantial evidence. *See* SSR 96-2p ("A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator."). The court agrees with Keith that the R&R does not address whether the ALJ's decision affording greater weight to a non-treating, non-examining medical consultant is supported by substantial evidence. Therefore, the court must determine whether it is so supported. As discussed above, this "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is

based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

Keith argues that the opinion of Dr. Davis should be discounted as substantial evidence primarily because she did not review and opine on all of the record medical evidence. However, in *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997 (6th Cir. 2011), the Sixth Circuit stated that:

> [t]here is no categorical requirement that the non-treating source's opinion be based on a "complete" or "more detailed and comprehensive" case record. The opinions need only be "supported by evidence in the case record." Once the ALJ determine[s] not to accord [the treating physician's] opinion "controlling weight," the ALJ [i]s required only to provide "good reasons" for giving greater weight to the opinions of agency sources.

*Id*. at 1002 (addressing SSR 96-6p, 1996 WL 374180 (July 2, 1996)) (internal citations omitted); *see also Fry v. Comm'r Soc. Sec. Admin.*, 476 F. App'x 73, 75 (6th Cir. 2012) ("According to [plaintiff], [the non-examiner's] opinion was inadequate because it was based on a review of the record before she began treatment with [her treating physician]. However, the ALJ properly considered [the non-examiner's] report as opinion evidence." (citing 20 C.F.R. § 404.1527)). As the Sixth Circuit rule stands, when an ALJ decides not to afford a treating physician's opinion "controlling" weight, the ALJ need only provide good reasons for assigning greater weight to the non-examiner(s)'s opinion. *Helm*, 405 F. App'x at 1002; *Skaggs v. Colvin*, No. 0:14-cv-182-EBA, 2016 WL 782309, *5 (E.D. Ky. Feb. 26, 2016) (same). As demonstrated above and as explained by the Magistrate Judge at length, the ALJ provided sufficiently good reasons for doing precisely that here. Despite Keith's reliance on *Jones v. Astrue*, 808 F. Supp. 2d 993 (E.D. Ky. 2011), for the proposition that the opinion of a non-examining expert who does

11

not examine a complete record does not comprise substantial evidence, this court is bound only by the Sixth Circuit precedent set forth in *Helm* and *Fry*, and, accordingly, the court finds the ALJ's determination to give non-examining physician Dr. Davis' opinion greater weight reasonable, notwithstanding the fact that Dr. Davis only had an opportunity to review a portion of the evidence of record at the time that she rendered it. The ALJ's decision was, therefore, properly supported by the substantial evidence of Dr. Davis' opinion. Furthermore, the ALJ herself examined *all* of the bulk of the record medical evidence at the hearing, assuring that the final decision was supported by the balance of substantial evidence available to her.[3] *See also Daniel v. Comm'r of Soc. Sec.*, 527 F. App'x 374, 375 (6th Cir. 2013) ("When a finding is supported by substantial evidence, we must defer to it, even if substantial evidence also supports an opposite conclusion." (citing *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007))).

This finding resolves Keith's final objection as well because it is derivative of the argument that Dr. Matlock's opinion was entitled to greater weight than that of Dr. Davis. In short, Keith contends that, because Dr. Matlock's opinion is entitled to the greatest weight, the

---

[3] The ALJ acknowledged that Keith underwent surgery to remove a tumor from his cervical spine in March 2011 and went through a lengthy rehabilitation. (AR, pp. 17-18, 211, 369-70.) The ALJ found, however, that Keith's physical condition did improve significantly after the surgery. (*Id.* at p. 18.) Impairments that are "controllable or amenable to treatment" are not disabling. *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585-86 (6th Cir. 2010) (citing 20 C.F.R. § 404.1529(c); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)). A month after surgery, in April 2011, Keith had significant improvement in his pain and functioning and was doing well except for occasional neuropathic tingling in his legs. (AR at pp. 17, 359-361.) He continued "doing well" in February 2012. (*Id.* at pp. 17, 634.) And in May 2012, he reported that medications controlled his pain fairly well and made it tolerable. (*Id.* at p. 18, 781.) The ALJ also found that Keith repeatedly showed a "stable" or "normal" gait throughout 2011 and 2012. (*Id.* at pp. 17-18, 233, 324, 361, 424, 436, 483, 620, 635, 966, 998.) And, although Keith complained of leg weakness, he consistently showed full strength in his legs on examination. (*Id.* at pp. 17-19, 217, 224, 230, 233, 242, 251, 307, 310, 324, 326, 334, 336, 338, 354, 360-61, 371, 424, 430, 436, 862, 998, 1084.)

"ALJ should and would likely have accepted his assessed limitations and the vocational expert's testimony that these limitations precluded all jobs." (Docket No. 18, p. 14.) However, as discussed, the ALJ, in her discretion, properly assessed the relative value of expert testimony and accepted the opinion of Dr. Davis as substantial evidence of Keith's (lack of) limitations. The ALJ was not, therefore, bound to accept the vocational expert's responses that were premised upon Dr. Matlock's opinions.

Accordingly, the court will overrule the Objections and accept the R&R.

## CONCLUSION

The court finds that the ALJ's conclusions lie safely within the "zone of choice" within which the ALJ could go "without interference by the courts." *Mullen*, 800 F.2d at 545 (6th Cir. 1986). For the above reasons and, upon review of this matter, the court finds the R&R to be well-founded.

1. The Objections (Docket No. 18) are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (Docket No. 17) is **ACCEPTED AND ADOPTED**.

3. The plaintiff's Motion for Judgement on the Record (Docket No. 14) is **DENIED**.

3. The decision of the Social Security Administration is **AFFIRMED**.

This Order constitutes the judgment in this case.

It is so **ORDERED**.

Enter this 29th day of March 2016.

_____
ALETA A. TRAUGER
United States District Judge

13